## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                       No. CR 06-2576 JB

JESUS RODRIGUEZ-ROMERO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Motion for Downward Adjustment, filed October 8, 2007 (Doc. 34). The Court held a sentencing hearing on October 24, 2007. The primary issues are: (i) whether the Court should enhance Defendant Jesus Rodriguez-Romero's offense level by 16 levels because he committed a crime of violence before his deportation and illegal re-entry; (ii) whether the Court should depart downward because of the alleged innocuousness of the felony giving rise to the 16-level enhancement; (iii) whether the Court should depart downward because of Rodriguez-Romero's tragic background under U.S.S.G. § 5K2.0; (iv) whether the Court should depart downward because a Criminal History of VI overstates Rodriguez-Romero's criminal history and is a poor predicator of the risk of his future criminal activity; and (v) whether the Court should vary from the advisory guideline sentence to a sentence of 27 months. Because the United States Probation Office ("USPO") has amended its analysis of the enhancement for a violent crime and agrees with Rodriguez-Romero's objection to the 16-level enhancement, the Court will overrule the objection as moot. The Court will deny Rodriguez-Romero's requests for downward departures under the guidelines. The Court will grant

Rodriguez-Romero a variance from the advisory guideline range, but will sentence him to a term of 30 months imprisonment rather than the requested 27 months.

## PROCEDURAL BACKGROUND

On March 16, 2007, Rodriguez-Romero pled guilty, without a plea agreement, to a one-count indictment charging a violation of 8 U.S.C. § 1326(a) and (b), re-entry of a removed alien.  After he pled guilty, the USPO prepared a Presentence Investigation Report ("PSR") and disclosed it on May 1, 2007.  In that report, Rodriguez-Romero's adjusted offense level was 21.  See PSR (disclosed May 1, 2007)("Original PSR") ¶ 18, at 5.  His criminal history category was VI.  See id. ¶ 33, at 12.  This guideline calculation resulted in a guideline imprisonment range of 77 to 96 months.  See id. at 15.

Rodriguez-Romero filed a sentencing memorandum.  See Defendant's Sentencing Memorandum and Motion for Downward Adjustment ("Sentencing Memo."), filed October 8, 2007 (Doc. 34).  Rodriguez-Romero objects to the proposed 16-level enhancement for an alleged crime of violence.  See id. at 3-6.  Rodriguez-Romero also requests departures under the guidelines.

Rodriguez-Romero contends that he is entitled to a downward departure based on his "tragic background" under U.S.S.G. § 5K2.0.  Sentencing Memo. at 7-8.  Rodriguez-Romero contends that, because he lost his mother as an infant, his case is not within the heartland of cases and warrants a downward departure.  See id. at 8.

Rodriguez-Romero also contends that he is entitled to a departure under U.S.S.G. § 4A1.3 because his criminal history is overstated.  See Sentencing Memo. at 6.  He contends that he "does not belong among the murderers, rapists, and drug dealers that typically populate Criminal History Category VI." Id. at 7.  Rodriguez-Romero contends that he is  "a petty criminal whose illegal status has inflated his criminal history score."  Id.  Rodriguez-Romero notes that other than re-entry

offenses, his two felonies were a burglary, "the result of a drunken spree," and an escape charge, where he "walk[ed] away -- with no real hope of success -- from the prison transport van upon his initial arrival to prison." Id. Rodriguez-Romero contends that his predicate felony giving rise to the 16-level enhancement, was not serious under U.S.S.G. 5K2.0. See id.

Finally, Rodriguez-Romero argues, in the alternative, that he is entitled, under the factors in 18 U.S.C. § 3553 (a), to a variance from the advisory guideline range. See Sentencing Memo. at 6-10. Rodriguez-Romero requests a sentence of 27 months. See id. at 1.

Based upon Rodriguez-Romero's objection to the calculation of his offense level, the USPO disclosed a revised PSR on October 19, 2007. See Revised PSR, disclosed October 19, 2007. In the revised PSR, the USPO concludes that Rodriguez-Romero's conviction for first-degree burglary does not, as it originally analyzed, qualify as a "crime of violence." Id. ¶ 12, at 4. The USPO states that "this conviction cannot be definitively determined to have been a burglary of an inhabited dwelling based on the statute definition and charging document." Id. ¶ 12, at 4. The USPO has re-calculated Rodriguez-Romero's offense level to be at 16, less 3 levels for acceptance of responsibility, for a total adjusted offense level of 13. See id. ¶¶ 12-18, at 4-5. The resulting advisory guideline range is 33 to 41 months imprisonment. See id.

The United States responded to Rodriguez-Romero's Sentencing Memorandum on October 22, 2007. See United States' Response to Defendant's Sentencing Memorandum ("Response"), filed October 22, 2007 (Doc. 36). The United States notes that the USPO has revised Rodriguez-Romero's offense level. See id. at 1. The United States contends that, because the revised PSR "agrees with [Rodriguez-Romero's] position on the correct offense level," it "render[s] this issue . . . moot." Id. at 2.

First, the United States disputes Rodriguez-Romero's argument that his conviction for first-

degree burglary is innocuous under U.S.S.G. § 5K2.0, because "it would normally qualify as a crime of violence."  Response at 6.

The United States contends that Rodriguez-Romero is not entitled to a variance under the § 3553(a) factors.  See id. at 3-7.  The United States maintains that the nature and circumstances of the offense do not warrant a variance, because Rodriguez-Romero's revised offense level is "correct and [he] should not receive any further relief." Id. at 4.  The United States also argues that Rodriguez-Romero's history and background do not counsel for variance, because "[i]t is clear that [Rodriguez-Romero] has not learned any lessons from the United States justice system, as he has continued to violate its laws." Id. at 5.  The United States argues that Rodriguez-Romero is indistinguishable from many other persons who are similarly situated.  See id.  "It is not [unusual] or extraordinary for an illegal immigrant defendant to have difficult family or economic circumstances that may motivate them to enter this country without permission."  Id.  Second, the United States contends that Rodriguez-Romero's criminal history was correctly calculated, because he "has sustained twelve (12) convictions from 1991 through 2003." Id. at 6.  The United States argues that, "[e]ven [were] the court . . . to overlook the fact that [Rodriguez-Romero] was arrested within two years of his last conviction for re-entry, he would still have 17 criminal history points." Id.  The United States disputes Rodriguez-Romero's argument that his conviction for first-degree burglary is innocuous under U.S.S.G. § 5K2.0, because "it would normally qualify as a crime of violence." Response at 6 (internal quotations omitted).  The United States acknowledges that Rodriguez-Romero's "personal background is tragic" but contends that "it unfortunately, does not distinguish him from many other similarly situated individuals before this court who have been raised in single parent homes or raised in poverty." Id. The United States contends that a guideline sentence is authorized to avoid unwarranted sentencing disparities between defendants who have

committed similar crimes.  See id. at 7.  The United States requests that Rodriguez-Romero be sentenced within the advisory guideline range of 33 to 41 months.

The Court held a hearing on this matter on October 24, 2007.  Rodriguez-Romero agreed that it was fair for the Court to overrule his objection to the 16-level enhancement, because the Revised PSR mooted his objection.  See Transcript of Hearing at 3:1-6 (taken October 24, 2007)("Tr.")(Court & Fine).[1]  Rodriguez-Romero continued to contend, however,  that the burglary felony giving rise to a possible 16-level enhancement was innocuous, because "it was a drunk spree in which he netted . . . a knife [and] $65.00."  Id. at 5:10-5:2 (Court & Fine).  The United States responded that Rodriguez-Romero's prior burglary conviction is a crime of violence "because [of] the way it was charged."  Id. at 5:20-21 (Ortega).  The United States noted that Rodriguez-Romero broke into a place of business and stole property.  See id. at 5:22-24 (Ortega).  The United States noted that Rodriguez-Romero has a  lengthy criminal history of "19 points from 1991 to 2003 and through the current conviction."  Id. at 6:4 (Ortega).  The United States contended that Rodriguez-Romero has other convictions involving violence, including a battery conviction and escape from custody "that can create risk to law enforcement and other . . . individuals."  Id. at 6:9-10 (Ortega).  Rodriguez-Romero then withdrew his argument based upon innocuousness of his burglary conviction.  See id. at 7:25-7:1 (Fine).

The United States did not "dispute the fact that [Rodriguez-Romero] has had a difficult life . . . [b]ut . . . in many of these cases involving illegal immigration, there are many compelling stories of individuals who have been raised in poverty or who have been shuffled off to relatives to be raised or who have not known their biological parents."  Id. at 7:19-8:2 (Ortega).  Rodriguez-

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Romero contended that, because he got more time on a prior illegal reentry conviction than he perhaps should have, then he should receive less time for this offense.  See id. at 17:20-24 (Court & Fine).   The   United States responded that Rodriguez-Romero should not receive "any compensation for any prior sentence that he has served." Id. at 19:6-7 (Ortega).

The United States acknowledged that Rodriguez-Romero would have been qualified for a fast-track offer if his prior conviction for burglary had not been treated as a crime of violence.  See id. at 14:20-15:9 (Court & Ortega).  If Rodriguez-Romero would have received a fast-track offer, then he would have qualified to have 1 level taken from his total offense level, for an offense level of 12.  See id. at 15:5-9 (Ortega).

## RELEVANT LAW REGARDING SENTENCING GUIDELINES

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States severed the mandatory provisions from the Federal Sentencing Act, thus making the Guidelines effectively advisory.  In excising the two sections, the Supreme Court left the remainder of the Act intact, including 18 U.S.C. § 3553: "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing.  Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable."  543 U.S. at 261.

Congress has directed sentencing courts to impose a sentence "sufficient, but not greater than necessary" to comply with four statutorily defined purposes enumerated in 18 U.S.C. § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .

18 U.S.C. § 3553(a)(2)(A)-(D).  <u>See</u> 18 U.S.C. § 3551 ("[A] defendant who has been found guilty of an offense described in any Federal statute  . . .  shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.").  To achieve these purposes, 18 U.S.C. § 3553(a) directs sentencing courts to consider: (i) the Guidelines; (ii) the nature of the offense and the defendant's character; (iii) the available sentences; (iv) a policy favoring uniformity in sentences for defendants who commit similar crimes; and (v) the need to provide restitution to victims.  <u>See</u> 18 U.S.C. § 3553(a)(1), (3)-(7).

Although the Guidelines are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that, while the Guidelines are one of several factors enumerated in 18 U.S.C. § 3553(a), they are entitled to considerable deference.  <u>See</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2464 (2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); <u>United States v. Cage</u>, 451 F.3d 585, 593 (10th Cir. 2006)(describing the Guidelines as more than "just one factor among many").  They are significant because "the Guidelines are an expression of popular political will about sentencing that is entitled to due consideration . . . [and] represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses."  <u>United States v. Cage</u>, 451 F.3d at 593 (internal quotations omitted).  A reasonable sentence is one that also "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).  <u>See</u> <u>United States v. Booker</u>, 543 U.S. at 261-62.

<u>ANALYSIS</u>

Because the USPO has amended its analysis of the enhancement for a violent crime conviction and agrees with Rodriguez-Romero's objection to a 16-level enhancement, the Court will overrule his objection as moot. The Court will deny Rodriguez-Romero's requests for downward departures under the guidelines. The Court will grant Rodriguez-Romero a variance from the advisory guideline sentence.

**I.     RODRIGUEZ-ROMERO'S OBJECTION TO THE 16-LEVEL ENHANCEMENT IS MOOT.**

The revised PSR agrees with Rodriguez-Romero's position on the correct offense level. Rodriguez-Romero agrees that this issue is now moot. <u>See</u> Tr. at 3:1-6 (Court & Fine). The Court will thus overrule the objection.

**II.    THE COURT WILL DENY RODRIGUEZ-ROMERO'S REQUESTS FOR DOWNWARD DEPARTURES.**

Rodriguez-Romero argues that the Court should depart based on multiple circumstances under U.S.S.G. § 5K2.0 and based on over-representation of criminal history. Rodriguez-Romero ultimately requests that he receive a 27-month sentence rather than a sentence within the advisory guideline range of 33 to 41 months. The Court does not believe, however, that his arguments pursuant to § 5K2.0 present circumstances so substantial or extraordinary that the Court should grant a departure.

**A.     THE COURT WILL NOT DEPART DOWNWARD BECAUSE OF THE RELATIVE INNOCUOUSNESS OF THE FELONY GIVING RISE TO THE 16-LEVEL ENHANCEMENT UNDER U.S.S.G. §5K 2.0.**

Because Rodriguez-Romero has withdrawn his objection based upon innocuousness of the felony giving rise to the 16-level enhancement under U.S.S.G. § 5K2.0, the Court does not need to address this objection. <u>See</u> Tr. at 6:25-7:1 (Fine).

**B.**     **THE COURT WILL NOT DEPART DOWNWARD, UNDER U.S.S.G. §5K 2.0, BECAUSE OF HIS TRAGIC BACKGROUND.**

While the Court acknowledges that Rodriguez-Romero's background is a very sad story -- particularly losing his mother at an early age -- Rodriguez-Romero's tragic background is not unique and does not take him outside the heartland of many other cases of persons crossing the border and losing parents at very young ages.  The Court has studied Rodriguez-Romero's background with care and has trouble seeing how his personal problems distinguish him from many others who stand before this border court and other federal courts in the nation.  Unfortunately, the federal prisons contain many who have tragic personal stories.

**C.**     **THE COURT DOES NOT BELIEVE THAT A CRIMINAL HISTORY OF VI OVERREPRESENTS RODRIGUEZ-ROMERO'S CRIMINAL HISTORY.**

Rodriguez-Romero contends that his criminal history category of VI overrepresents his prior criminal conduct.  <u>See</u> Sentencing Memo. at 6.  He asserts that his previous burglary conviction was the result of a "drunken spree," and his prior escape involved him walking away from a transport vehicle upon his arrival at the correctional facility where he was to serve a prison term.  Sentencing Memo at 7.

There is no sound basis upon which the Court can reasonably conclude that Rodriguez-Romero's criminal history category is overstated.  Although  Rodriguez-Romero's  crimes may be different from other defendants with a criminal history category of VI -- because Rodriguez-Romero's previous offenses primarily involve theft -- he still fits within the heartland of defendants with that criminal history because he has committed crimes on a consistent basis over a period of years.  <u>See</u> Revised PSR ¶ 21, at 6 (first-degree burglary, a felony); <u>id.</u> ¶ 23, at 7 (theft of property, a misdemeanor); <u>id.</u> ¶ 24, at 7 (petty theft, a misdemeanor); <u>id.</u> ¶ 26, at 8 (petty theft, a misdemeanor); <u>id.</u> ¶ 28, at 9 (petty theft, a misdemeanor).  Rodriguez-Romero has had twelve

-9-

offenses since 1999.  See Revised PSR ¶¶ 20-31 at 5-11.

### III.   THE COURT WILL GRANT RODRIGUEZ-ROMERO'S REQUEST FOR A VARIANCE FROM THE ADVISORY GUIDELINE SENTENCE UNDER UNITED STATES V. BOOKER.

Rodriguez-Romero seeks a variance from the advisory guideline sentence under United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a).  The Court notes that, if the parties had not originally viewed Rodriguez-Romero's previous burglary conviction as a "crime of violence," and if Rodriguez-Romero had been afforded the benefit of a fast-track plea agreement, his offense level would have been reduced to an offense level of 12, with a resulting advisory guideline range of 30 to 37 months.  The USPO reassessed Rodriguez-Romero's conviction for first-degree burglary and determined that it did not qualify as a "crime of violence."  See Revised PSR ¶ 12, at 4.

The United States acknowledged at the hearing on this matter that without a prior conviction classified as a crime of violence, Rodriguez-Romero would have qualified for a fast-track agreement that would have resulted in an offense level of 12 instead of 13.  See Tr. at 36:16-18 (Ortega).  The United States had no objection to the Court varying so that Rodriguez-Romero would be sentenced in accordance with an offense level of 12.  See id. at 37:2-4 (Ortega).  The Court believes that similarly situated defendants would have been eligible for participating in a fast-track plea agreement and that a variance is needed to avoid introducing a disparity among similarly situated defendants.

The Court believes that a sentence of 30 months is appropriate because the revised advisory guideline range for an offense level of 13 would be would be unreasonable and would introduce sentencing disparity among similarly situated defendants.  On the other hand, the Court does not believe further variance, to 27 months, is appropriate.  The Court believes that the advisory guideline

sentence consistent with an offense level of 12, and a criminal history category of VI, accurately reflects the factors in 18 U.S.C. § 3553 (a), and the Court has not found facts in the record that counsel the Court should vary from the Sentencing Commission's judgment in this case.

**IT IS ORDERED** that the objection in the Defendant's Sentencing Memorandum and Motion for Downward Adjustment is overruled.  The Court will deny the Defendant's requests for downward departures.   The Court will vary from the advisory guideline range and sentence Rodriguez-Romero to 30 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
   Acting United States Attorney for the
      District of New Mexico
Roberto D. Ortega
   Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Mark Fine
Fine Law Firm
Albuquerque, New Mexico

        *Attorneys for the Defendant*